**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Bobroskie | ) | |
| | ) | Case No. 25-cv-1906 |
| v. | ) | |
| | ) | Judge: Hon. Mary M. Rowland |
| THE PARTNERSHIPS and | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | Magistrate: Hon. Gabriel A. Fuentes |
| IDENTIFIED ON SCHEDULE "A" | ) | |
| | ) | |

**SEALED *EX PARTE* TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE**
**AND OTHER EQUITABLE RELIEF**

Martha Bobroskie ("Bobroskie" or "Martha Bobroskie") filed an *Ex Parte* Motion for Entry of a Temporary Restraining Order including a Temporary Injunction, a Temporary Asset Restraint, Expedited Discovery, and Service of Process by Email and/or Electronic Publication (the "Motion") against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Bobroskie's Motion as follows.

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Bobroskie has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing

1

versions of Bobroskie' federally registered copyrights, which are protected by U.S. Copyright Registration No(s). VA 1-998-851 and VA 1-799-670 (the "Bobroskie Works") to residents of Illinois. In this case, Bobroskie has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using infringing versions of the Bobroskie Works. *See* Docket No. 8, which includes screenshot evidence confirming that each Defendant Internet Store does stand ready, willing to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Bobroskie Works.

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Bobroskie has presented specific facts in the Declaration of Bobroskie in support of the Motion and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to off-shore accounts. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

    a. using the Bobroskie Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Bobroskie product or not authorized by Bobroskie to be sold in connection with the Bobroskie Works;

2

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Bobroskie product or any other product produced by Bobroskie, that is not Bobroskie' or not produced under the authorization, control, or supervision of Bobroskie and approved by Bobroskie for sale under the Bobroskie Works;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Bobroskie, or are sponsored by, approved by, or otherwise connected with Bobroskie; and

manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Bobroskie, nor authorized by Bobroskie to be sold or offered for sale, and which bear any of Bobroskie' copyrights, including the Bobroskie Works, or any reproductions, infringing copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Bobroskie is authorized to issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial

3

accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Alibaba, Ali-Express, AliPay, Amazon, eBay, Etsy, Fruugo, DHGate, JoyBuym, Shein, TEMU, Wish, Walmart, PayPal, Stripe, Payoneer, etc. or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Bobroskie' request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Internet Stores, including, without limitation, any online marketplace platforms such as Alibaba, Ali-Express, AliPay, Amazon, eBay, Etsy, Fruugo, DHGate, JoyBuym, Shein, TEMU, Wish, Walmart, PayPal, Stripe, Payoneer, etc. (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Bobroskie expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying

4

information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

c.  any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Alibaba, Ali-Express, AliPay, Amazon, eBay, Etsy, Fruugo, DHGate, JoyBuym, Shein, TEMU, Wish, Walmart, PayPal, Stripe, Payoneer, etc. or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5.  Upon Bobroskie' request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Bobroskie Works.

6.  Any Third Party Providers, including Alibaba, Ali-Express, AliPay, Amazon, eBay, Etsy, Fruugo, DHGate, JoyBuym, Shein, TEMU, Wish, Walmart, PayPal, Stripe, Payoneer, etc., within seven (7) calendar days of receipt of this Order:

a.  locate all accounts and funds connected to Defendants' Defendant Internet Stores, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Bobroskie, and any e-mail addresses provided for Defendants by third parties; and

b.  restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

7.  Bobroskie may provide notice of the proceedings in this case to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Bobroskie and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "Badingue and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8.  Bobroskie must provide notice to Defendants of any motion for preliminary injunction as required by Rule 65(a)(1).

9.  The Complaint Schedule A Docket #2, the Memorandum in Support of the TRO, Declaration of Plaintiff, Exhibit 2 Docket #9 and this Order shall remain sealed until further order by this Court or until the Order expires, whichever occurs earlier.

10. Within seven (7) calendar days of entry of this Order, Bobroskie shall deposit with the Court ten thousand dollars ($49,000), either cash or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful

restraint hereunder.

11. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

12. This Temporary Restraining Order without notice is entered at 1:45 PM on this 21st day of April, 2025 and shall remain in effect for fourteen (14) calendar days.

BY:  _____
Hon. Mary M. Rowland

7

**Schedule A**

| Doe | Store Name | Merchant ID |
|-----|-----------|-------------|
| 1 | Badingue | A34KLSMXM78Y9L |
| 2 | Camprilli | A1Y7BCE69QGUCD |
| 2 | Camprilli | A1Y7BCE69QGUCD |
| 3 | DELORIGIN US | A1NVM4MYVSLSYA |
| 4 | DORTELLA | A38I8STH4MUFU9 |
| 5 | enshizhoulianliangbaihuoyouxiangongsi | A2HIWH6CQ1OIOC |
| 6 | ENzuO | A2NAUH39VJZT3C |
| 7 | GOTTAJOY | A1KV76GJEZSAIE |
| 7 | GOTTAJOY | A1KV76GJEZSAIE |
| 8 | HAQUIL | A5O9SV8R1GO7S |
| 9 | HYFWBGS | A25PHYRTM5SYE7 |
| 10 | Jana Aldwinckle | A32QTH9OQBAG5V |
| 11 | jingtingxx | A2EJIJ5LS0G6HP |
| 12 | jingxiangkunjiaju | A2NIHM1DTQZE2U |
| 13 | KAllaicia | A36UTAHQL5I6L0 |
| 14 | LI_chejia | A3585HYS1SFAWS |
| 15 | Lozaneo | A1DI0L7OKGNK5 |
| 15 | Lozaneo | A1DI0L7OKGNK5 |
| 16 | MiMi QiQi | A2Q9BUUFIOQFK1 |
| 17 | PZhuang | A1VHDYGCIV386W |
| 18 | Qinghangmaoyi | A2LLWZTRSAR1WZ |
| 19 | qwqws | AR3FXS5TTLDH9 |
| 20 | Robiteno | A2VSX5O6IUX7B1 |
| 21 | sanlan | ANGV67X2ZMBMU |
| 22 | Sharluue | AT1XOP8MY9KKG |
| 23 | SLXHDZKJ | A1GWYQWXLVTGX9 |
| 24 | Sunshine168 | A336SYIAE89AKK |
| 25 | T Innovation·HX | A2TUCCW04AA1QF |
| 26 | vicereine | A270IWZ0UZQBY0 |
| 26 | vicereine | A270IWZ0UZQBY0 |

| 27 | YANgand | A3N8UJGLZYSPAS |
|----|---------|----------------|
| 28 | yanguoliushengjiaju | A1BX7NVEI109YL |
| 29 | YjingsLOksi | ABX1FJ7QKLHIW |
| 30 | AnastasiaPoint | AnastasiaPoint |
| 31 | bestkang3 Store | bestkang3 Store |
| 32 | goosegoose1993 | goosegoose1993 |
| 33 | kobi.bengalim | kobi.bengalim |
| 34 | manserto-43 | manserto-43 |
| 35 | maoyoa-0 | maoyoa-0 |
| 36 | pinkcity-8 | pinkcity-8 |
| 37 | rami_saeed | rami_saeed |
| 38 | SUPERFINDINGS | 101661289 |
| 39 | JNFKGIRP | 102589621 |
| 40 | SFTD | 101218598 |
| 41 | Mingsyu | 101567565 |
| 42 | ORIGACH | 101681813 |
| 43 | Allereyae | A1BAW73PTKM4U4 |
| 44 | Aneneiceera | A3O0TVFEYDD6PU |
| 45 | Erimberate | A33E9GOD7NCNYG |
| 46 | Helen de Lete | AKV6EI1G0NWUS |
| 47 | laceble | AZ26WV6DQ8PQA |
| 48 | Sttiafay | A3FMVPPXLC5KJX |
| 49 | zxzmyb | A3CMF4GXAY29BN |

9